IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JERVIS JERMAINE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 3:22-cv-580-WHA-CSC |
| ) | (WO) |
| HEATH TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jervis Jermaine Brown, an Alabama inmate proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 action seeking damages and injunctive relief. Doc. 1. Brown names as defendants Sheriff Heath Taylor and Sgt. Michael Schroeder. Upon review of Brown's complaint, the court concludes that this action should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

### **I. THE COMPLAINT**

Brown's complaint is largely unintelligible. From what the court can glean from his assertions, Brown maintains that, while he was incarcerated at the Russell County jail from January through August of 2022,[1] Defendants, who are administrators at the jail, committed "the crimes of fraud and embezzlement in violation of the Czech Criminal Code" by charging him $9 for three slices of Little Caesar's pizza and "a 10 or 12 oz coke," thereby "deriving revenue through acts of infringement" of Little Caesar's patent on its

---

[1] When he filed his complaint on September 29, 2022, Brown was incarcerated at Kilby Correctly Facility in Mt. Meigs, Alabama.

"biological food product (pizza)." Doc. 1 at 2–3; Doc. 1-1 at 1. Brown claims the Defendants' actions were "negligent" and violated his Eighth Amendment right to be free from cruel and unusual punishment. Doc. 1 at 3; Doc. 1-1 at 3–4. He seeks damages and various kinds of injunctive relief. Doc. 1 at 4.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a court is required to dismiss a complaint proceeding in forma pauperis if it determines that a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.[2] A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should be ordered only when the legal theories are "indisputably meritless," *Neitzke*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court may dismiss a complaint under Rule 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim for relief that

---

[2] In relevant part, 28 U.S.C. § 1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires that the averments of a claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . [and] [i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count [.]" Fed. R. Civ. P. 10(b) (alterations added).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. DISCUSSION

Assessment of a complaint under 42 U.S.C. § 1983 focuses on two essential elements: (1) whether a person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges, or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v.*

*Williams*, 474 U.S. 327 (1986). Even liberally construed, Brown's complaint is confusing, incoherent, and nonsensical. After reviewing Brown's allegations, the court finds he presents no comprehensible set of facts to support a cause of action regarding a violation of his constitutional rights. Brown asserts no facts to show that Defendants' act of charging him for pizza in supposed violation of the Czech Criminal Code and in infringement of Little Caesar's patent on its pizza deprived him of any right guaranteed under the Constitution or laws of the United States, including the Eighth Amendment right to be free from cruel and unusual punishment. To the extent Brown argues he is entitled to relief, any legal theories he presents are "indisputably meritless." *Neitzke*, 490 U.S. at 327.

In light of the above, the court concludes that Brown's complaint is frivolous and fails to state a claim upon which relief may be granted; it is therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).[3]

### IV. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Brown's complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

It is further

ORDERED that by December 13, 2022, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and

---

[3] Because Brown's complaint is nonsensical and patently frivolous, the court finds that any amendment would be futile. As such, it is proper to dismiss the complaint with prejudice without allowing Brown to amend. *See Alberto v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 467, 469 (11th Cir. 2019); *Smith v. Selene Fin., LP*, 2015 WL 11978707, at *1 (N.D. Ga. Dec. 1, 2015) ("Court has discretion to dismiss a pro se plaintiff's complaint with prejudice without sua sponte granting leave to amend where it appears that amending the complaint would be futile").

legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of November, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE